[Cite as *State v. Waters*, 2012-Ohio-2360.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                         CASE NO.  17-11-37

    v.

NICHOLAS WATERS,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 11CR000167

**Judgment Affirmed**

**Date of Decision:  May 29, 2012**

APPEARANCES:

    *Christopher R. Bucio*  for Appellant

    *Ralph Bauer and Jeffrey J. Beigel*  for Appellee

Case No. 17-11-37

**SHAW, P.J.**

{¶1} Defendant-appellant Nicolas Waters ("Waters") appeals the September 16, 2011 judgment of the Common Pleas Court of Shelby County, Ohio finding him guilty of escape in violation of R.C. 2921.34(A)(1), a felony of the fifth degree.

{¶2} The facts relevant to this appeal are as follows. On May 27, 2011 Waters went to his appointment with the Shelby County Adult Probation Department having previously been granted Intervention in Lieu of Conviction. At the appointment, Probation Officer Justin Tidwell ("Tidwell") notified Waters that he failed a drug test and that Waters was under arrest.[1] When Tidwell got up to escort Waters to a holding cell, Tidwell turned right outside his office to go toward the holding cells and Waters took off running to the left in the opposite direction. While running, Waters ran into a doorway with "extreme force" knocking the locking mechanism off. Subsequently Tidwell apprehended Waters with the assistance of Deputy John Shepherd ("Shepherd").

{¶3} On June 23, 2011 Waters was indicted for escape in violation of R.C. 2921.34(A)(1), a felony of the third degree, and vandalism in violation of R.C. 2909.05(B)(2), a felony of the fifth degree.

---

[1] According to Tidwell's testimony, Waters was notified twice that he was under arrest.

{¶4} The case proceeded to a bench trial on August 30, 2011. Upon the case being called, the State of Ohio moved to dismiss the vandalism charge, and that motion was granted. Therefore only the charge of escape remained to be adjudicated.

{¶5} At trial the State put on testimony of Tidwell and Shepherd, then rested. Following the denial of Waters' Rule 29 motion for acquittal, Waters took the stand. Waters testimony of events was similar to Tidwell's except Waters claimed that when he was told he was under arrest he jumped up and ran out of the office whereas Tidwell testified that Waters ran as Tidwell was in the process of escorting Waters to a holding cell. (Tr. at 9, 34).

{¶6} After Waters testified, he called Bengie Waters, his father, and Ruth Day, his normal probation officer, and then Waters rested. The State called one witness in rebuttal, Andrea Lambert, who testified to overhearing the conversation between Tidwell and Waters.

{¶7} On September 16, 2011, the trial court filed its "Decision/Judgment on Trial to Court" finding Waters guilty of escape. (Doc. 39). Further, the trial court stated,

> **[t]his court must also consider another legal issue not raised by counsels. That is the degree of offense proved. Where the degree of the offense is dependent upon proof of another offense of prior conviction it is an essential element and must be proved by the State beyond a reasonable doubt. The Defendant may only be convicted of the least serious degree of offense proved.**

> **In an Escape charge, the degree of the offense is determined by the underlying offense. The only evidence presented regarding the underlying offense was by Probation Officer Tidwell. On cross-examination, Tidwell was asked what Waters was on community control for. The response of Tidwell was, "Trafficking." No further testimony or evidence was presented describing the nature of the Trafficking charge. "A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." (Citation omitted).**
>
> **"The rule is well established in Ohio that trial courts may not take judicial notice of their own proceedings in other cases, even though between the same parties, and even though the same trial judge may have presided." (Citation omitted). Accordingly, this Court cannot take judicial notice of the underlying case resulting in the Defendant being granted intervention in lieu of conviction, but, rather, must only look to the evidence presented in this case.**
>
> **Ohio Revised Code Section 2925.03 is the Trafficking statute. The degree of the offense is dependent upon the nature and quantity of the drugs involved in Trafficking. Since no evidence was presented as to the nature of the Trafficking, this court is of the opinion that it must give the benefit to the Defendant and consider the least serious form of Trafficking. Revised Code Section 2925.03(C)(3)(g) provides that a gift of twenty (20) grams or less of Marijuana is Trafficking in Marijuana, a minor misdemeanor.**
>
> **Revised Code Section 2921.34 provides that the offense of Escape is a felony of the fifth degree when the most serious offense for which the person was under detention is a misdemeanor. The State of Ohio, at best, proved that the underlying offense was a misdemeanor. Therefore, the degree of Escape offense proved by the State is a felony of the fifth degree.**

(Doc. 39).

{¶8} Thus, as the state had only presented testimony that the underlying charge related to the escape in this case was "trafficking," with no specifics as to the severity of the offense, the trial court found that Waters could only be convicted of escape as a fifth degree felony under R.C. 2921.34.

{¶9} It is from this conviction that Waters appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ABUSED ITS DISCRETION BY ANALYZING THE INCORRECT LEGAL ISSUE.**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S VERDICT.**

{¶10} In the interests of clarity, we elect to address the assignments of error out of order.

*Second Assignment of Error*

{¶11} In Waters' second assignment of error he argues that there was legally insufficient evidence to support his conviction for escape and that his conviction was against the manifest weight of the evidence. Specifically Waters argues that the element of "detention" in his escape charge was not proven in that the State was unable to establish that Waters was under arrest when he ran from

Tidwell and that none of the other definitions of detention apply to him. Therefore, according to Waters, the State was unable to satisfy the element of detention for purposes of the escape charge.

{¶12} Reviewing a challenge to the sufficiency of the evidence requires this court to examine the evidence in the light most favorable to the prosecution. The Ohio Supreme Court has set forth the sufficiency of the evidence test as follows:

> **[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. Jenks*, 61 Ohio St.3d 259 (1991), superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997).

{¶13} Unlike our review of the sufficiency of the evidence, an appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In reviewing whether the trial court's judgment was against the weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *Id*. In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable

inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Andrews*, 3d Dist. No. 1-05-70, 2006-Ohio-3764, ¶ 30, citing *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1983).

**{¶14}** Waters was convicted of escape in violation of R.C. 2921.34(A)(1) which reads

> **(A)(1) No person, knowing the person is under detention * * * or being reckless in that regard, shall purposely break or attempt to break the detention[.] * * ***

**{¶15}** The culpable mental states for criminal conduct related to this charge are codified in R.C. 2901.22. R.C. 2901.22 provides that:

> **(A)  A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.**
>
> **(B)  A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.**
>
> **(C)  A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a**

**certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.**

{¶16} Waters argues that he was not under detention at the time he ran from Tidwell as detention is defined in R.C. 2921.01(E) since, as he claims, there was no valid arrest. One way detention is defined in R.C. 2921.01(E) is as an "arrest."[2] A valid arrest requires the following four elements to be met: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure of the person, (4) which is so understood by the person arrested. *State v. Barker*, 53 Ohio St.2d 135 (1978), at syllabus. Waters concedes in his brief that the first two elements of arrest are met in this case leaving only the remaining two elements to be examined.

{¶17} At trial, Tidwell testified that Waters came into his office for a scheduled appointment. (Tr. at 8). Tidwell testified that he informed Waters that Waters was under arrest for failing a drug test, thereby violating the terms of a previous sentence giving Waters Intervention in Lieu of Conviction. (Tr. at 9). Tidwell testified that Waters protested, saying that he could not be under arrest that weekend as he had a baseball tournament. *Id*. Tidwell testified that he repeated to Waters that Waters was under arrest. *Id*. According to Tidwell, they

---

[2] Arrest is just the first of many ways "detention" is defined pursuant to R.C. 2921.01(E). However, in this case "arrest" was the means argued by the State for detention. As a result, we elect to focus only on whether Waters was under arrest to satisfy the element of detention in the escape charge.

both then got up from their chairs and Tidwell moved to escort Waters to a holding cell. *Id.* When the two reached the hallway, Tidwell turned right to go toward the holding cells, and Waters took off running to the left, pushing through a doorway in the process. *Id.* Waters was thereafter tackled by Tidwell and Deputy Shepherd before he could leave the building. The testimony of Tidwell was largely corroborated by the State's rebuttal witness, Andrea Lambert, who had overheard parts of the conversation in Tidwell's office. (Tr. at 53-54).

{¶18} Although Waters claims that he ran at an earlier point in time, the trial court explicitly found Tidwell's version of events more credible than Waters'. (Doc. 39). While Waters argues that the evidence did not establish that he was under arrest, and therefore was not detained to satisfy the elements of escape, the court specifically found otherwise, holding, "that [Waters] had been placed under arrest and was under detention, albeit however slightly, before he ran from Tidwell * * * in his effort to leave the probation office and the Courthouse." *Id.*

{¶19} In support of this holding, the court reasoned,

**[i]n this case, the testimony from Probation Officer Tidwell was that he was in the process of escorting the Defendant to a holding cell when, instead of turning right, the Defendant turned left and ran out the door of the probation office. The fact that both got up from chairs to go to the holding cell demonstrates control over the Defendant by Tidwell.**

*Id.*

{¶20} We find that there is sufficient evidence in the record that there was a constructive seizure, understood by Waters, thereby satisfying the remaining elements of arrest that Waters did not concede in his brief. Therefore, we find that the trial court did not commit error in ruling that an arrest occurred, and in turn finding that the element of "detention" was established for purposes of the escape charge.

{¶21} Based upon the foregoing discussion, we find that the trial court's decision in this case was based upon sufficient evidence and was not against the manifest weight of the evidence. Accordingly, Waters' second assignment of error is overruled.

*First Assignment of Error*

{¶22} In Waters' first assignment of error he argues that the trial court analyzed the incorrect legal issue. Specifically Waters argues that the trial court did not analyze whether the facts presented showed beyond a reasonable doubt that a valid legal arrest actually occurred before Waters ran. We disagree.

{¶23} Waters argues that the court only looked at whether an arrest occurred in the context of whether there was a "detention" as an element of escape. However, as stated above, the trial court explicitly found that Waters had been placed under arrest. Moreover, the trial court also found Tidwell's version of events more credible than Waters'. Based upon the foregoing, we do not find that

the trial court analyzed the incorrect legal issue. Accordingly, Waters' first assignment of error is overruled.

{¶24} For the foregoing reasons, Waters' assignments of error are overruled.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**